IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL WILLIAMS, on behalf of JAVARIS WILLIAMS, a Minor, | ) ) ) | |
| Plaintiff, | ) ) | No. 09 CV 3184 |
| v. | ) ) | Judge Robert W. Gettleman |
| CITY OF BERWYN, SALVADOR GAMINO, SR. #2702, JOSEPH SANTANGELO, # 206, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cheryl Williams, on behalf of her son Javaris Williams, sued defendants City of Berwyn, Salvador Gamino, Sr., and Joseph Santangelo in a six-count first amended complaint pursuant to 42 U.S.C. § 1983. In addition to three claims against the City of Berwyn, plaintiff alleges a Fourth Amendment conditions of confinement claim against defendants Gamino and Santangelo (Count II); a Fourth Amendment unreasonable search claim against defendant Gamino (Count III); and an Illinois state law claim for intentional infliction of emotional distress against defendants Gamino and Santangelo (Count IV). Defendants Gamino and Santangelo have both filed motions for summary judgment on all counts alleged against them.[1] For the following reasons, the court grants defendants' motions for summary judgment as to Counts II and III, and dismisses without prejudice plaintiff's pendent state law claim.

---

[1] Defendant Santangelo has also moved to adopt defendant Gamino's L.R. 56.1 statement and defendant Gamino's argument concerning qualified immunity at pp. 5-9 of his memorandum in support of his motion for summary judgment. The court grants that motion.

# FACTS[2]

On the morning of February 19, 2009, Javaris Williams, a 16-year-old boy, was arrested at Morton West High School in Berwyn, Illinois, for two misdemeanor offenses: alleged battery of another student and assault of a teacher. The officer who arrested him was defendant Santangelo, a Berwyn police officer who also worked part-time as a security officer at Morton West High School. After the arrest, other Berwyn police officers transported plaintiff to the Berwyn police station.[3] When plaintiff arrived, he was processed by the booking officer, defendant Gamino, which took approximately 30 minutes. As part of the processing at the police station's front desk, Javaris—who was wearing a polo shirt, a t-shirt, khakis, gym shorts, boxers, socks, and shoes—was told to remove his polo shirt and shoes. After defendant Gamino processed plaintiff, he was placed in a booking cell.

At this point, plaintiff's story begins to diverge significantly from that of defendants. Plaintiff alleges that after plaintiff had been in the cell for four or five minutes, defendant Gamino came in and told him to remove the rest of his clothing. Plaintiff further alleges that defendant Gamino left him naked in the booking cell for an hour, at which point a different officer gave him his boxers and socks through a latch in the cell door. Defendants contest this allegation and maintain that plaintiff was required to comply with the Cook County Sheriff's Department policy, appropriately called the "one pant/one shirt policy," that an individual in

---

[2] Unless otherwise indicated, the following are uncontested facts from the parties' L.R. 56.1 statements.

[3] The parties disagree as to the timing of these events. Plaintiff testified in his deposition that he arrived at the police station around 11:40 a.m. The Berwyn Police Department records show that plaintiff arrived at the station at approximately 1:10 p.m.

custody may wear only one pair of pants and one shirt. According to defendants, the Berwyn Police Department follows this policy because prisoners are not accepted at the Cook County Jail if they are wearing more than one pair of pants and one shirt. Plaintiff responds that "the carrying out of this policy routinely required detainees," himself included, "to appear exposed in their undergarments." Defendants disagree. Plaintiff further maintains that he was required to disrobe entirely, which is not what the "one pant/one shirt policy" requires.

The parties do agree, more or less, on the following sequence of events. While plaintiff was being processed and waiting in the booking cell, defendant Santangelo remained at Morton West High School, where he was on duty, until approximately 3:00 p.m. As the juvenile officer at the police department, defendant Santangelo was responsible for interviewing plaintiff; until defendant Santangelo conducted that interview, plaintiff was to remain in the booking cell. Upon arriving at the police station, defendant Santangelo went to his office to conduct other business. He later took plaintiff from the cell to an office in the police department, and conducted a brief interview. He released plaintiff at 7:25 p.m. that evening, and plaintiff was not prosecuted.

## **DISCUSSION**

**Legal Standards**

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing out the absence of a genuine issue of material fact. Once the moving party has met that burden, the nonmoving party must go beyond the pleadings and present specific facts showing there is a

genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-23 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."). In a § 1983 case, the plaintiff bears the burden of proof on the underlying constitutional violation and therefore, to survive summary judgment, must present sufficient evidence to establish the essential elements of his case. Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

**Count II: Conditions of Confinement Claim Against Defendants Santangelo and Gamino**

Plaintiff alleges that, pursuant to 42 U.S.C. § 1983, defendants violated the Fourth Amendment by subjecting him to various onerous conditions of confinement. Because section 1983 creates a cause of action based solely on personal liability, see Johnson, 444 F.3d at 584, plaintiff must show that defendants were personally involved in his conditions of confinement. But plaintiff's uncontroverted deposition testimony reveals that defendants were not personally involved in the actions on which plaintiff's complaint is based. Therefore, plaintiff's claim cannot survive summary judgment.

Plaintiff's deposition testimony establishes that defendant Santangelo was not personally involved in the nature or duration of plaintiff's detention. Plaintiff testified that defendant Santangelo arrested him at Morton West High School, escorted him to the Dean's Office, and then took him to the paddy wagon in which he traveled to the Berwyn police station. Plaintiff

4

also testified that the only other contact he had with defendant Santangelo was when defendant Santangelo met with plaintiff at the police station to take plaintiff's statement. Plaintiff has therefore failed to establish that defendant Santangelo was present when plaintiff was subjected to the allegedly onerous conditions of confinement.

Nor does sufficient evidence exist to support defendant Santangelo's liability under a failure to intervene theory. The Seventh Circuit has explained that "an officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer has reason to know . . . that any constitutional violation has been committed by a law enforcement official . . . <u>and</u> the officer had a realistic opportunity to intervene to prevent the harm from occurring." <u>Yang v. Hardin</u>, 37 F.3d 282, 285 (7th Cir. 1994) (emphasis in original). Plaintiff has presented no evidence that defendant Santangelo was aware of the conditions of plaintiff's confinement, and thus has failed to establish that any evidence supports a failure to intervene theory.

Next, plaintiff has presented no evidence to establish that defendant Gamino was personally involved in plaintiff's detention. He has offered no evidence showing that defendant Gamino was responsible for determining the condition of plaintiff's confinement. In addition, the undisputed facts establish that the length of plaintiff's confinement—or any condition occurring after 3 p.m. that day—cannot be attributed to defendant Gamino, whose shift that day ended at 3 p.m.[4] Plaintiff has thus failed to establish defendant Gamino's liability on Count II.

---

[4] It is undisputed that defendant Gamino worked at the Berwyn Police Station until 3 p.m. on the date of plaintiff's detention. Plaintiff testified that he arrived at the station at approximately 11:40 a.m.; the police report shows that he arrived at 1:10 p.m. It is undisputed that the processing of a prisoner takes around 30 minutes. Therefore, viewing the evidence in the light most favorable to plaintiff, he was confined in the booking cell beginning at 12:10 p.m.,

5

**Count III: Fourth Amendment Search Claim Against Defendant Gamino**

Because plaintiff has provided no evidence that defendant Gamino administered the search to which plaintiff alleges he was subjected—and has, in fact, presented evidence excluding defendant Gamino as the person administering the search—summary judgment is also appropriate as to Count III. In his deposition, plaintiff identified at least four different individuals as the person who administered the search, and never specifically identified defendant Gamino as that person. Plaintiff further testified that he did not know the name of the officer who ordered him to remove his clothing. Moreover, plaintiff testified that an officer who was <u>not</u> the booking officer administered the search. Because defendant Gamino was the booking officer on duty at the time of the alleged search, this testimony excludes defendant Gamino from the possible officers who conducted the search.

**Count IV: Intentional Infliction of Emotional Distress**

Plaintiff's pendent state law claim against defendants Santangelo and Gamino for intentional infliction of emotional distress is thus plaintiff's lone remaining claim against those defendants, and the court dismisses it without prejudice. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court dismissed all claims over which it has original jurisdiction."); <u>Groce v. Eli Lilly & Co.</u>, 193 F.3d 496, 501 (7th Cir.1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

---

for a total of less than three hours of defendant Gamino's shift.

**CONCLUSION**

For the reasons discussed above, the court grants defendants' motions for summary judgment on Counts II and III, and dismisses Count IV without prejudice. This matter is set for a report on status January 19, 2011, at 9:00 a.m.

**ENTER:** **January 7, 2011**

_____
**Robert W. Gettleman**
**United States District Judge**